STATE OF LOUISIANA      *      NO. 2026-K-0124

VERSUS      *      COURT OF APPEAL

GEORGE LEWIS      *      FOURTH CIRCUIT

     *      STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 486-613, SECTION "C"
Honorable Benedict J. Willard, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Judge Rosemary Ledet, Judge Tiffany Gautier Chase, Judge Rachael D. Johnson)

John J. Radziewicz
Vallon Hicks
Spencer Duet
Crescent City Law Firm, L.L.C.
935 Gravier Street, Ste. 1450
New Orleans, LA 70112

     COUNSEL FOR RELATOR/ DEFENDANT

Jason R. Williams
DISTRICT ATTORNEY
Brad Scott
ASSISTANT DISTRICT ATTORNEY
ORLEANS PARISH DISTRICT ATTORNEY'S OFFICE
619 South White Street
New Orleans, LA 70119

     COUNSEL FOR RESPONDENT/ STATE OF LOUISIANA

                 **WRIT DENIED**
                 **WITH REASONS**
                 **MARCH 17, 2026**

*RDJ*
*RML*
*TGC*

Relator, defendant George Lewis, seeks review of the January 14, 2026 district court ruling denying his motion for expungement. After reviewing the Relator's writ application, we deny the Relator's writ. Relator is invited to re-file his motion in compliance with La. Code Crim. Proc. arts. 971-995.

In February 2009, Relator was arrested for second-degree murder, a violation of La. Rev. Stat. 14:30.1, in New Orleans. However, the District Attorney accepted the charge of manslaughter, a violation of La. Rev. Stat. 14:31, and the State filed a bill of information charging Relator with one count of manslaughter. Relator pled guilty to the amended charge of negligent homicide, a violation of La. Rev. Stat. 14:32, and was sentenced to five years imprisonment at hard labor, pursuant to an agreement with the State.

In October 2025, Relator moved to expunge his arrest for second-degree murder and related negligent homicide conviction. A hearing on Relator's motion was held on January 14, 2026. Relator's counsel was not present for the hearing, but the District Attorney's Office noted that it did not oppose the expungement. The district court denied the motion without reasons and stated that Relator could re-file his motion.

1

After the ruling, counsel for Relator, appeared in court and re-urged the motion. The district court again held that Relator could re-file his motion, and Relator noted his objection. This timely writ application followed.[1]

"Generally, misdemeanor and certain felony offenses are eligible for expungement if the applicant has waited the requisite period of time to obtain expungement (the "cleansing period"); the applicant has remained free of criminal convictions—or felony convictions, in the case of misdemeanor expungement— during the cleansing period; and the applicant has no criminal charges pending at the time he seeks expungement." *State v. Thomas*, 23-0070, p. 4 (La. App. 4 Cir. 3/17/23), 359 So. 3d 1037, 1040 (citing La. C.Cr. P. arts. 977 and 978).

"Obtaining an expungement of these records allows for the removal of a record from public access but does not result in the destruction of the record." La. C.Cr. P. art. 971(1). "The current laws governing expungement, La. C. Cr. P. arts. 971 to 995, were enacted in 2014 when the former law underwent a comprehensive revision," to balance "the employment needs of persons who were required to undergo criminal history checks and the desire for public safety." *State v. Fabio*, 53,790, pp. 3-4 (La. App. 2 Cir. 3/3/21), 315 So.3d 388, 391 (citing 2014 La. Acts, No. 145; La. C. Cr. P. art. 971(3)-(7)).

Defendants with felony convictions may file a motion to expunge their arrest records and convictions when more than ten years have elapsed since he or she

---

[1] Relator attached to his writ application a certification letter from the Orleans Parish District Attorney and an affidavit of the Louisiana State Police. In the District Attorney's letter, dated September 18, 2025, he certified that Relator had no pending charges and had not been convicted of a criminal offense during the ten-year period since he completed his sentence. The Louisiana State Police's affidavit of response reflects that it was not opposed to the expungement. However, neither of these documents were attached to Relator's motion for expungement.

"completed any sentence, deferred adjudication, or period of probation or parole based on the felony conviction," and he or she "has not been convicted of any other criminal offense during the ten-year period, and has no criminal charge pending" against him or her. La. C.Cr. P. art. 978(A)(2). Motions for expungement "shall include a certification obtained from the district attorney which verifies that, to his knowledge, the applicant has no convictions during the ten-year period immediately preceding the motion, and no pending charges under a bill of information or indictment." *Id.*

Moreover, La. C.Cr. P. art. 979 sets forth what entities are required to receive notice of the motion:

A. The clerk of court shall serve notice of the motion of expungement by United States mail or electronically upon the following entities:

(1) The district attorney of the parish of conviction.

(2) The Louisiana Bureau of Criminal Identification and Information.

(3) The arresting law enforcement agency.

B. When service is made by United States mail, a certificate of service shall be filed into the record indicating the date the motion was placed in the United States mail for service.

Finally, La. C.Cr.P. art. 986 establishes what forms are required for defendants to move for expungement:

A. Only the forms provided for in Articles 987, 988, **989**, 990, 991, 992, 993, 994, 995 and 998 of this Code shall be used for filing motions to expunge a record of…arrest and conviction of a … felony offense…

B. Supplemental forms may be added to any petition as long as they adhere to the form provided for in Article 993 of this Code. (Emphasis added.)

In this case, the Relator's motion is deficient pursuant to La. C.Cr. P. art. 989 because he failed to attach the following required documents:

- A copy of the proof from the Department of Public Safety and Corrections, office of motor vehicles, that it has received from the clerk of court a certified copy of the record of the plea, fingerprints of the Relator, and proof of the requirements set forth in C.Cr.P. art. 556, which shall include Relator's date of birth, last four digits of his social security number, and his driver's license number;

- A Criminal Background Check from the La. State Police/Parish Sheriff dated within the past 60 days;

- The Bill of Information;

- The minute entry showing final disposition of case; and

- A Certification Letter from the District Attorney verifying that the Relator has no convictions or pending applicable criminal charge in the requisite time periods.

Further, Relator has not demonstrated, through the filing of certificates of service, that the motion was served on the necessary agencies. To the extent that Relator asserts that Louisiana State Police failed to timely oppose his motion, he did not certify, in his motion that Louisiana State Police was served with the motion. *See* La. C.Cr. P. art. 980.[2]

Relator is eligible for an expungement of his arrest and conviction pursuant to La. C.Cr. P. art. 978. However, he failed to comply with all of the requirements

---

[2] La. C.Cr.P. art. 980 sets forth the procedure for entities to object to an expungement:

A. Any entity named in Article 979 of this Code that receives notice of the motion may object to the granting of a motion to expunge a record.

B. (1) Except as provided in Subparagraph (2) of this Paragraph, an objecting party shall file an affidavit of response with reasons for the objection in the record with service to the defendant within sixty days from the date of service of the motion and specifically state the grounds for the objection.

(2) On August 1, 2015, and thereafter, if the Louisiana Bureau of Criminal Identification and Information objects to the granting of the motion to expunge a record, it shall file an affidavit of response with reasons for the objection in the record with service to the defendant within sixty days from the date of the service of the motion.

4

set forth in the Louisiana Code of Criminal Procedure to prevail on his motion by attaching the requisite documents.  Additionally, the record does not reflect that the District Attorney, Louisiana State Police, or New Orleans Police Department were served with the motion.

Accordingly, the Relator's writ application is denied.  Relator is invited to re-file his motion in compliance with La. C.Cr. P. arts. 971-995.

**WRIT DENIED**
**WITH REASONS**